UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL L. WILSON,

    Plaintiff,

        v.                        CAUSE NO. 3:19-CV-1138-JD-MGG

ENGS, et al.,

    Defendants.

OPINION AND ORDER

Michael L. Wilson, a prisoner without a lawyer, filed a complaint alleging he was denied emergency medical treatment for chest pain and shortness of breath by Sgt. Engs and Officer Lych on October 27, 2019. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilson alleges that, around 2:40 a.m. on October 27, 2019, he woke up with chest pain and shortness of breath. He told Officer Lych, and she said that she would have Sgt. Engs call medical. Just minutes later, Wilson passed out, causing him to fall and hit his head. When he came too, several officers were at his cell door. Even then, Sgt. Engs would not call a signal or take Wilson for medical care. He was instead placed in a

holding cell and told to wait until morning. He waited until approximately 6:00 a.m. to receive care.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations omitted). Here, Wilson's allegations state a claim against Sgt. Engs and Officer Lych.

For these reasons, the court:

(1) GRANTS Michael L. Wilson leave to proceed against Sgt. Engs and Officer Lych in their individual capacities for compensatory damages for his claim of denying him medical treatment for his chest pain, shortness of breath, and head injury on October 27, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sgt. Engs and Officer Lych at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if they have such information; and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Engs and Officer Lych to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 22, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3