UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL L WILSON,

 Plaintiff,

  v.            CAUSE NO. 3:19-CV-1138-JD-MGG

ENGS, et al.,

 Defendants.

OPINION AND ORDER

Michael L. Wilson, a prisoner without a lawyer, filed a motion to amend his complaint to add an additional defendant, Warden Ron Neal. Although leave to amend should be freely granted under Federal Rule of Civil Procedure 15(a), N.D. Ind. L.R. 15-1 requires that he do so by "reproduc[ing] the entire pleading as amended" and prohibits "incorporat[ing] any prior pleading by reference." Wilson indicated in his motion that he has attached his proposed amended complaint as an exhibit to his motion, but no exhibits were received by the court. Wilson must tender a proposed amended complaint containing all of his claims against all of the defendants. Thus, if he wishes to amend his complaint, he must submit an amended complaint that is complete in and of itself. Accordingly, the motion will be denied.

However, even if Wilson had submitted his proposed amended complaint, it appears that the proposed amendment would be futile. Wilson was granted leave to proceed against both Sgt. Engs and Officer Lycn in their individual capacities for compensatory damages for denying him medical treatment for his chest pain, shortness

of breath, and head injury on October 27, 2019, in violation of the Eighth Amendment. Now, Wilson wants to add Warden Ron Neal as a defendant because he was in charge at the prison and did not properly train his officers. However, "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Warden Neal is not a municipality in either his individual or official capacity. To the extent Wilson is alleging that Warden Neal did not properly supervise, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and he cannot be held liable simply because he employed or supervised his employees. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, it would be futile to allow Wilson to amend his complaint to add Warden Neal as a defendant.

For these reasons, the court DENIES Michael L. Wilson's motion for leave to amend his complaint (ECF 16).

SO ORDERED on March 30, 2020

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT